IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Angel Vicente Alen-Gutierrez,
et al.,

    Plaintiffs

v.                            CIVIL NO. 97-2921 (JAG)

Luis Acevedo-Miranda, et al.,

    Defendants

---

**MEMORANDUM AND ORDER**

Plaintiffs brought this civil rights action on October 17, 1997 (Docket No. 1), pursuant to 42 U.S.C. § 1983, stemming from the events that occurred on January 4, 1997 at the Caparra Shopping Center's Amigo Supermarket. On July 2, 2002, the Court ordered plaintiffs to show cause by July 9, 2002, why they had failed to comply with its orders and why they have remained inactive for the past two years. (See Docket No. 50.) Plaintiffs, through their attorney, responded to the Court's order to show cause on July 9, 2002. (Docket No. 51).

Rule 41(b) expressly authorizes a district court to dismiss a case with prejudice for "failure of the plaintiff to prosecute or to comply with . . . any order of court. . . ." The First Circuit has consistently upheld dismissals for want of prosecution pursuant to Fed. R. Civ. P. 41(b), where there has been extremely

protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, or contumacious conduct. See Benjamin, Jr., M.D. v. Aroostook Medical Center, Inc., 57 F.3d 101, 108 (1st Cir. 1995); Figueroa Ruiz v. Ayala, 896 F.2d 645, 648 (1st Cir. 1990); see also, Cosme Nieves v. Deshler, 826 F.2d 1 (1st Cir. 1987). This case was filed in 1997, and plaintiffs's attorney did not file a single document with the Court for almost two years, since July 31, 2000[1]. A review of the record reveals that the previous Judge who handled this case also noticed back in *January of 2002* that the case had been inactive for a substantial amount of time and ordered the parties to file a pre-trial order in an effort to move the case along. (See Docket No. 29, Judge Casellas's Order of January 11, 2000).

In an effort to show cause why this Court should not dismiss this case for lack of prosecution, plaintiffs's attorney states that his inaction was due to several circumstances, including: (1) the fact that several of the co-plaintiffs were involved in a bankruptcy proceeding[2]; (2) that there were some changes in the legal representation of various co-defendants; and (3) that

---

[1] Indeed, the document filed on July 31, 2000 (Docket No. 38), was really filed by co-defendant Amigo Supermarket on behalf of plaintiffs, in an effort to comply with the Court's order that a joint proposed pre-trial order be filed. Additionally, co-defendant Luis Acevedo Miranda's Motion for Judgment on the pleadings (Docket No. 35) filed on July 24, 2000, remains unopposed by the plaintiffs to this date.

[2] Nowhere in the record is there evidence that the Court ever stayed the case due to co-plaintiffs's bankruptcy proceeding.

plaintiffs's attorney "lost track of time . . .due to other professional tasks." (See Docket No. 50, pg. 2). The excuses that plaintiffs's attorney now offers in his effort to avoid the inevitable dismissal of this case are woefully inadequate. The plaintiffs, through their attorney, have the responsibility to develop and prosecute their case. The Court can not and will "not function as [the plaintiffs's] baby-sitter." Betancourt v. Toledo, 199 F.R.D. 447 (D.P.R. 2001)(citing Jardines Ltd. P'ship v. Executive Homeserach Realty Serv,. Inc., 178 F.R.D. 365, 367 (D.P.R. 1998)). "This Court's docket is congested enough and there is no place for plaintiffs who sit back and waste the Court's valuable time." Id.

Wherefore the Court, sua sponte, **DISMISSES** this case in its entirety due to plaintiffs' lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of July 2002.

JAY A. GARCIA-GREGORY
U.S. District Judge